436 So.2d 203 (1983)
D.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AM-431.
District Court of Appeal of Florida, First District.
June 9, 1983.
Rehearing Denied August 24, 1983.
*204 Paula S. Saunders, Asst. Public Defender, Second Judicial Circuit, for appellant.
Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
This case presents a perfect example of a disturbing societal proclivity toward settling all disputes through resort to a severely overburdened judicial system. In summary, we are asked to review a juvenile court order finding that the defendant, a 13 year old boy, committed the crime of battery when he engaged in a brief scuffle with the alleged victim, an 8 1/2 year old boy. The scuffle, in which neither boy was hurt, began when the defendant tossed a forkfull of ravioli in the direction of the victim and ended a minute or two later with the defendant holding the victim in a loose headlock for several seconds. In between the ravioli and the headlock, various forms of shoving and name calling occurred. We shudder to think what would happen to the wheels of justice if every such childhood scuffle resulted in criminal prosecution. Such matters are best handled on a personal and informal basis, not through the expensive, time-consuming judicial process.
As a result of the above-described "fight," a complaint was filed in juvenile court on March 22, 1982, charging the defendant with battery. As the following chronology demonstrates, this complaint triggered a chain of events which evidences the inappropriateness of injecting the judicial process into common childhood squabbles.
On March 30, 1982, the complaint was referred to an intake counselor at the Department of Health and Rehabilitative Services. Pursuant to Section 39.04, Florida Statutes (1981), an intake counselor's job is to review each juvenile case and recommend to the State Attorney the most appropriate action to take. The counselor in the present case deemed it appropriate to refer the defendant to a statutorily authorized community arbitration program specifically designed to handle minor childhood offenses.[1]
On April 6, 1982, defendant signed a "Waiver of Rights" form authorizing his *205 referral to the arbitration program. On April 14, the counselor sent his recommendation to the State Attorney and filed an Arbitration Referral Notice indicating that defendant had been referred to arbitration. Unfortunately, the counselor's recommendation turned out to be meaningless because the State Attorney, prior to receiving the recommendation, filed a Petition for Delinquency on April 9.
On April 21, defendant appeared before the juvenile judge and entered a plea of not guilty to the charges made in the Petition for Delinquency. An adjudicatory hearing was held on April 29 in the Alachua County Courthouse to determine whether defendant had committed the offense of battery and should be adjudicated a delinquent. Witnesses at the hearing consisted of the defendant, the victim, a neighbor who witnessed the incident, and a 14 year old boy who was with the defendant and the victim at the time of the incident.
At the conclusion of the hearing, the judge called the victim and the defendant up to the bench and said:

Judge (speaking to defendant): You're obviously guilty of the offense of battery. You, thirteen, fourteen year old eighthgrader, 125 pounds, picking on a thirdgrader... . I want a pre-dispositional report to find out what should happen to you in the case, but you owe him an apology.

Defendant: Sorry.

Victim: Accept.

Judge: Wanna shake hands?

Judge (speaking to victim): I gotta give you credit kid, you came back fighting. You're spunky.

Judge (speaking to defendant): Next time you want to get into a ravioli thing, get somebody [your own size].
On May 5, 1982, a predisposition report was prepared by the intake counselor at HRS who had originally reviewed defendant's case. His findings are summed up as follows:
The court is faced with a young man who has never been in trouble before. The court has determined that a battery does indeed exist. However, I can't help but reflect upon the circumstances of this alleged battery. The victim was not injured. There were no blows exchanged. The parents of the victim refused to discuss the incident with the alleged perpetrator and his parents. I had hoped initially that judicial involvement could be avoided in this case. However, since judicial disposition is at hand I would recommend, as I did initially, that [the defendant] be referred to the [community arbitration program] with withheld adjudication for arbitration purposes. I would hope that resolution of this matter would be quickly found.
Based upon this report, the judge entered an order on May 12 finding that the defendant committed the offense of battery, withholding adjudication of delinquency, and referring the defendant and the victim to the community arbitration program. The order also required the parents of both the defendant and the victim to attend the arbitration sessions.[2] On June 11, defendant filed a notice of appeal to this Court.
The defendant raises basically two points on appeal. His first argument is that the criminal count of battery, as described in Section 784.03, Florida Statutes (1981), is not intended to proscribe or punish harmless child's play which does not cause injury. While we agree that defendant's conduct in this case is more properly dealt with outside the context of criminal law, we cannot impose our preferences on the discretion of the trial judge, particularly in light of the clear language of Section 784.03, *206 which states that a person commits criminal battery if he "actually and intentionally touches or strikes another person against the will of the other." The defendant has not referred us to any case law holding that the degree of injury caused by an intentional touching is relevant to determining whether a criminal battery has been committed; rather, it is clear from Section 784.03 that any intentional touching of another person against such person's will is technically a criminal battery. The trial judge acted within his discretion in finding that the defendant committed the offense of battery.[3]
The defendant's second point on appeal is that he acted in self-defense. There is competent and substantial evidence to show that the defendant was the aggressor; therefore, this point is without merit.
Although the trial judge correctly found that the defendant committed the offense of battery, he disposed of the case in a manner not authorized by law. As discussed earlier, Section 39.04, Florida Statutes (1981), requires that the intake officer in a juvenile proceeding make a recommendation to the State Attorney as to whether the State Attorney should file a petition for delinquency, refer the child to a community arbitration program, or take such other action as may be appropriate in the circumstances. The State Attorney is vested with the sole discretion to decide what action to take. In the present case, the State Attorney chose to file a petition for delinquency.
Section 39.09(3), Florida Statutes (1981), states that after an adjudicatory hearing on a petition for delinquency the trial judge may dispose of the case in basically three ways:
1. Dismiss the case upon a finding that the defendant has not committed a delinquent act;
2. Enter adjudication of delinquency; or
3. Withhold adjudication of delinquency and impose upon defendant community-based sanctions in a community control program.
Section 39.10, Florida Statutes (1981), which deals specifically with adjudication, also sets forth the above alternatives as the only dispositional acts authorized.
In the present case, the trial judge found that the defendant committed the offense of battery, withheld adjudication of delinquency, and referred the defendant to a community arbitration program. This is not a statutorily authorized disposition of the case. In addition, it conflicts with the judgment and discretion of the State Attorney, who decided against arbitration, and it imposes upon the parties the burden of retrying the case.
Pursuant to Section 39.331, Florida Statutes (1981), a community arbitration program is specifically designed to:
[P]rovide a system by which children who commit certain minor offenses may be dealt with in a speedy and informal manner at the community or neighborhood level, in an attempt to reduce the ever-increasing instances of juvenile crime and permit the judicial system to deal effectively with cases which are more serious in nature.
The entire arbitration procedure is designed as a substitute for the actual trial of a juvenile on a criminal charge, not as a means for disposing of an already-completed delinquency trial.
We are sympathetic with the trial judge's desire to dispose of this matter by arbitration. Arbitration, not a judicial trial, was *207 obviously preferable in this case. But having proceeded with the judicial proceeding, it was fundamental error for the trial judge to dispose of this case in a manner not authorized by statute. We affirm the trial court's finding that defendant committed the offense of battery; however, we reverse the order of referral to arbitration and remand for disposition in accordance with applicable law.[4]
BOOTH and LARRY G. SMITH, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
On motion for rehearing, the state contends that our statement in footnote 3 to the opinion filed June 9, 1983, erroneously implies that we have jurisdiction to review the state's exercise of prosecutorial discretion. We intended no such intimation, one way or the other. The intent of our statement in that footnote was simply to point out that the propriety of the state attorney's exercise of such discretion in this case was not properly before us for review. The other matters raised in the motion for rehearing warrant no further discussion.
The motion for rehearing is DENIED.
BOOTH and LARRY G. SMITH, JJ., concur.
NOTES
[1] Section 39.33, Florida Statutes (1981).
[2] On June 17, rules to show cause were issued against the defendant's father and the victim's parents charging them with failure to attend the arbitration sessions and requiring them to show cause why they should not be held in contempt of court. On June 29, defendant's father was arrested, formally charged with contempt, and, after a hearing, was found in contempt and sentenced to six days in jail. There is no evidence that either the defendant or the victim ever attended arbitration sessions. Apparently, the defendant's and the victim's parents felt that the dispute was too trivial to require their continued participation.
[3] By holding that the trial judge properly found the defendant guilty of the offense of battery, we do not intend to open the door to a flood of criminal prosecutions based upon such insignificant squabbles. We note that Section 39.04, Florida Statutes (1981), vests in the State Attorney, with respect to complaints alleging delinquent acts, the discretion to determine what prosecutorial action is most appropriate. Pursuant to this section, the State Attorney may dismiss any complaint when he determines that such dismissal is in the best interests of both the public and the child. Since in the present case the discretion of the State Attorney is not at issue before us, we are unable to make a ruling on whether he abused his discretion in filing a petition for delinquency against defendant.
[4] Though not excusing his noncompliance, we note that defendant's father was apparently required to spend six days in jail for failure to comply with the trial judge's erroneous order.